**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 25, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

CRAIG S. ROBLEDO,

     Plaintiff - Appellant,

v.

JEWEL WEST; DALE BURKE;
CHRIS BARR; DANIEL DENT;
ANDREA NICHOLS; JOE
KELEMAN; REANNE WILL;
RHONDA HADRICK; LESLIE
PAYNE; CARMEN ESTRADA;
CAROL SOARES; SEAN FOSTER;
SGT. RODECAP; DENNIS
BURBANK; KEITH NORDELL;
ANTHONY DECESARO; 2
UNKNOWN TIME COMPUTATION
OFFICERS; MARK FARIBAIRN;
REGINA ROBERTS; ANGELA
TIDEMANN; MR. MEISNER; CASE
MANAGER JIMENEZ; TRAVIS
TRANI; BRANDON WITZ; SUSAN
JONES; OFFICER SPURLOCK;
PATSY HARTLEY; TRACY
SWINDLER; MARSHALL
GRIFFITH; PAUL LARSON;
OFFICER SMITH; MRS. DEFUSCO;
2 UNKNOWN PAROLE BOARD
MEMBERS; CHAIRMAN OF
PAROLE BOARD; LINDA
MAIFIELD; LARRY WATSON;
TINA VALDEZ; HEAD OF DOC
OFFENDER SERVICES; DANIEL
LAKE; DANIEL BARBERO; SGT.
MORRIS; JAMES SINNOTT; MR.
COSABONE; JAMES RELICH; RICK
LARSON; PETE ANDERSON;

No. 14-1067
(D.C. No. 1:13-CV-01577-LTB)
(D. Colo.)

HERBERT B. EGLEY; JOYCE
MONTEZ; KIRK KATZENMEYER;
JENNIFER MALEBRANCHE; LEIAH
ESTRADA; 6 CELL EXTRACTION
OFFICERS; BRIAN KIRK; J.
CHANEY; PHYLLIS YAKE; MR.
FUHER; VICKIE BUTTS,

     Defendants - Appellees.

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.[**]

---

Plaintiff-Appellant Craig S. Robledo, a state prisoner appearing pro se,

appeals the district court's dismissal of his civil rights claims. Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

Background

Mr. Robledo is a prisoner in the custody of the Colorado Department of

Corrections. In his second amended prisoner complaint, Mr. Robledo set forth

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

five claims against various prison officials under 42 U.S.C. § 1983 for property damage and theft, double jeopardy and due process violations related to prison disciplinary proceedings, cruel and unusual conditions of confinement, denial of court access, and First Amendment violations. R. 77-98. The district court found Mr. Robledo offered only vague and conclusory allegations insufficient to state a cognizable claim for relief on any of the five grounds, and dismissed the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). R. 160, 170, 173. This appeal followed.

Discussion

We review the district court's dismissal of a prisoner's complaint for frivolousness for an abuse of discretion, but if the frivolousness determination turns on an issue of law, we review the determination de novo. See Fogle v. Pierson, 435 F.3d 1252, 1259 (10th Cir. 2006). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

After reviewing the record, we conclude that Mr. Robledo's claims are frivolous for substantially the same reasons as the district court. His deprivation of property claim fails because he has not alleged that the prison's grievance procedure or state court claims are inadequate post-deprivation remedies. See Hudson v. Palmer, 468 U.S. 517, 536 (1984). As the district court found, the

complaint did not allege any particular facet of due process or notice of which Mr. Robledo was deprived, R. 83-86, and he did not have a constitutionally protected liberty interest in his prison classification, see Meachum v. Fano, 427 U.S. 215, 225 (1976).  His Eighth Amendment allegations do not rise to the level of the "extreme deprivation[] . . . required to make out a conditions-of-confinement claim," Hudson v. McMillian, 503 U.S. 1, 9 (1992), nor has he alleged that prison officials "kn[ew] of and disregard[ed] an excessive risk to [his] health or safety," Farmer v. Brennan, 511 U.S. 825, 837 (1994); see R. 88-89.  As to his court access claim, Mr. Robledo has not alleged any "actual injury" or hindrance to "his efforts to pursue a legal claim."  See Lewis v. Casey, 518 U.S. 343, 349-53 (1996); R. 90.  And we agree with the district court that Mr. Robledo's First Amendment allegations are vague and conclusory.  See R. 91-92, 169.  His brief on appeal has not cured these deficiencies or persuaded us otherwise.

Mr. Robledo's motion to proceed IFP is GRANTED, but he remains obligated to continue making partial payments to satisfy the fees already assessed.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

- 4 -