**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 22, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOSEPH LEE JONES,

      Plaintiff - Appellant,

v.

STATE OF KANSAS; SHAWNEE
COUNTY; TOPEKA POLICE
DEPARTMENT; SHAWNEE
COUNTY JAIL; FNU LNU (1),
Shawnee County Counselor;
ATTORNEY GENERAL OF
KANSAS; RICHARD ECKHART,
Shawnee County Counselor's Office;
FNU LNU (2), Shawnee County Court
Clerk,

      Defendants - Appellees.

No. 14-3074
(D.C. No. 5:12-CV-03229-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **GORSUCH**, **MURPHY**, and **HOLMES**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Joseph Lee Jones alleges various government actors violated his federal rights by mishandling his prison mail. *See* 42 U.S.C. § 1983. The district court dismissed his amended complaint for failure to state a valid legal claim. Mr. Jones appealed to this court, but we dismissed the appeal because it was untimely. Mr. Jones also asked the district court to reconsider its ruling under Fed. R. Civ. P. 60(b), but the district court declined to do so on the ground that Mr. Jones was merely trying to relitigate the merits of his case and hadn't identified the kind of "exceptional circumstances" that are necessary for Rule 60(b) relief. *See, e.g.*, *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006). Mr. Jones then filed a second Rule 60(b) motion. The district court denied it for the same reasons, and it is this denial Mr. Jones now asks us to undo.

That much we cannot do. Even construing Mr. Jones's filings liberally, we see no effort on his part to explain how, contrary to the district court's ruling, his request for post-judgment relief comports with Rule 60(b). Instead he pursues a new legal theory in support of his mail-related claims — that the defendants violated his rights of free speech rather than his rights to access the courts. But as we have repeatedly held and the district court explained, Rule 60(b) motions may not be used merely to advance new arguments that could have been presented earlier in the litigation. *See, e.g.*, *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Because Mr. Jones offers no reason to think he

couldn't have ventured his current arguments before the district court's judgment, we see no basis for reversing the district court's denial of Rule 60(b) relief.

Separately, Mr. Jones asks for leave to proceed without prepayment of fees on appeal. Although Mr. Jones is no longer in prison, he was when he initiated this appeal and so the provisions of the Prison Litigation Reform Act apply. *See Brown v. Eppler*, 725 F.3d 1221, 1229-30 (10th Cir. 2013). But under either the PLRA or more generally applicable standards, Mr. Jones's motion fails. No party can proceed *in forma pauperis* without presenting nonfrivolous grounds for appeal. *E.g.*, *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Because Mr. Jones doesn't attempt to explain how the district court's ruling runs afoul Rule 60(b), we agree with the district court that his appeal is frivolous.

Mr. Jones's *ifp* motion is therefore denied and this appeal is dismissed. Mr. Jones is reminded he must pay his filing fee in full. Because Mr. Jones "brought" this appeal while still a prisoner and because it must be dismissed as frivolous, the three-strikes provision of the PLRA applies and requires us to assess a strike against Mr. Jones. *See* 28 U.S.C. § 1915(g) (prohibiting *ifp* actions and appeals by prisoners who have "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an . . . appeal in a court of the United States that was dismissed on the ground[] that it is frivolous."). That is of course in addition to the strike Mr. Jones previously incurred when the district court dismissed his

complaint in this case for failure to state a claim. *See id.*; *Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999) ("If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes.").

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge