**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 20, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

CRAIG ROBLEDO-VALDEZ,

Plaintiff - Appellant,

v.

JEWEL WEST; TRAVIS TRANI; DALE
BURKE; CHRIS BARR; DANIEL DENT;
ANDREA NICHOLS; JOE KELEMAN;
REANNE WILL; RHONDA HADRICK;
LESLIE PAYNE; CARMEN ESTRADA;
CAROL SOARES; SEAN FOSTER; SGT.
RODECAP; DENNIS BURBANK;
KEITH NORDELL; ANTHONY
DeCESARO; 2 UNKNOWN TIME
COMPUTATION OFFICERS; MARK
FARIBAIRN; REGINA ROBERTS;
ANGELA TIDEMANN; MR. MEISNER;
MS. JIMENEZ; BRANDON WITZ;
SUSAN JONES; MR. SPURLOCK;
PATSY HARTLEY; TRACY
SWINDLER; MARSHALL GRIFFITH;
PAUL LARSON; MR. SMITH; MS.
DeFUSCO; 2 UNKNOWN PAROLE
BOARD MEMBERS; CHAIRMAN OF
PAROLE BOARD; LINDA MAIFELD;
LARRY WATSON; TINA VALDEZ;
HEAD OF OFFENDER SERVICES;
DANIEL LAKE; DANIEL BARBERO;
MS. MORRIS; JAMES SINNOTT; and
MR. COSABONE,

Defendants - Appellees.

No. 14-1200
(D. Colo.)
(D.C. No. 1:14-CV-00818-LTB)

## ORDER AND JUDGMENT[*]

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeals. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Plaintiff and Appellant, Craig Robledo-Valdez, proceeding *pro se*, appeals the dismissal of his 42 U.S.C. § 1983 complaint alleging multiple claims relating to incidents that occurred while he was being held at the Centennial Correctional Facility and the Colorado State Penitentiary. The district court concluded that the majority of Mr. Robledo-Valdez's claims were repetitious, frivolous, and malicious and should be dismissed pursuant to 28 U.S.C. § 1915. The remaining claims related to Mr. Robledo-Valdez's parole and were dismissed as improperly raised in a § 1983 proceeding. The district court also stated that any appeal

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

would be frivolous and it denied leave to proceed without prepayment of fees under 28 U.S.C. 1915(a)(3).

Mr. Robledo-Valdez appeals, arguing that some of the claims he raised below were not repetitious and none were frivolous. He continues to claim that the "Defendants committed HUNDREDS of civil rights violations and legal violations against [him] over a period of 18 MONTHS." Appellant/Petitioner's Op. Br. at 4. For the following reasons, we affirm the dismissal of this case.

The district court correctly summarized Mr. Robledo-Valdez's complaint as follows:

> Mr. Robledo-Valdez asserts twenty-one claims for relief against forty-five defendants in the Amended Prisoner Complaint. The claims relate to incidents that occurred while Mr. Robledo-Valdez was incarcerated at the Centennial Corrections Facility and the Colorado State Penitentiary from May 2011 to September 18, 2012. Mr. Robledo-Valdez is currently incarcerated at the Sterling Correctional Facility. He concedes that he previously filed a lawsuit, see Robledo v. West, No. 13-cv-01577-LTB (D. Colo. Jan. 21, 2014), appeal filed, No. 14-1067 (10th Cir. filed Feb. 24, 2014), against all of the same Defendants in which he raised "[s]imilar if not [the] same claims." The Court dismissed civil action number 13-cv-01577-LTB as legally frivolous.

Order of Dismissal at 3; R. Vol. 1 at 58. Our court affirmed the district court's dismissal of Mr. Robledo-Valdez's earlier case. Robledo v. West, No. 14-1067 (10th Cir. June 25, 2014) (unpublished).

The district court in this case went on to note that it had "consulted its records and f[ound] that the claims Mr. Robledo-Valdez asserts in the instant

action are repetitive of the claims he raised in case number 13-cv-01577-LTB. Although the two actions are not identical, most of the claims in the Amended Prisoner Complaint actually were raised in civil action number 13-cv-01577-LTB." Order of Dismissal at 3-4; R. Vol. 1 at 58-59. Mr. Robledo-Valdez fails to convince us that the district court erred in reaching this conclusion. While Mr. Robleldo-Valdez repeatedly claims that only "SOME of the claims are similar to the 5 claims in 13-cv-01577," Appellant's Br. at 2, he does not indicate which claims are new in this most recent complaint. He simply argues that he presented "many" new claims, without exploring those claims or explaining how they differed from the numerous claims he brought in his earlier action.

The district court also observed that "[t]o the extent Mr. Robledo-Valdez is asserting a claim or claims challenging the conditions of his confinement that were not actually raised in civil action number 13-cv-01577-LTB, he fails to allege specific facts that support an arguable claim for relief." Order of Dismissal at 4; R. Vol. 1 at 59. We agree with that assessment of Mr. Robledo-Valdez's complaint, and the same holds true of his arguments on appeal. His allegations are vague and conclusory, at best.

Finally, the district court considered Mr. Robledo-Valdez's remaining claims, concerning his parole proceedings:

> Mr. Robledo-Valdez also includes in the Amended Prisoner Complaint claims challenging parole proceedings that were not raised in civil action number 13-cv-01577-LTB. To the extent Mr.

Robledo-Valdez is challenging the execution of his sentence and seeking habeas corpus relief, the parole-related claims may not be raised in a civil rights action pursuant to 42 U.S.C. § 1983. Furthermore, Mr. Robledo-Valdez has previously filed at least two habeas corpus actions in the District of Colorado in which he raised claims challenging some, and possibly all, of the same parole proceedings. See Robledo v. Schaeffer, No. 13-cv-02084-LTB (D. Colo. Feb. 11, 2014); Robledo-Valdez v. Trani, No. 12-cv-02203-WYD (D. Colo. June 26, 2013). To the extent Mr. Robledo-Valdez may be seeking other relief with respect to the parole-related claims, the claims are barred by the rule in Heck v. Humphrey, 512 U.S. 477 (1994). In short, a civil rights action filed by a state prisoner "is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

Order of Dismissal at 4; R. Vol. 1 at 59.

In sum, the district court concluded that the "instant action will be dismissed as legally frivolous and malicious." Id. at 5; R. Vol. 1 at 60. We review the district court's dismissal of a prisoner's complaint for frivolousness for an abuse of discretion, but if the frivolousness determination turns on an issue of law, we review the determination de novo. See Fogle v. Pierson, 435 F.3d 1252, 1259 (10th Cir. 2006). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

After reviewing the record, we conclude that Mr. Robledo-Valdez's claims are frivolous, for substantially the reasons stated by the district court. He has

-5-

failed to develop any argument demonstrating that the district court's reasoning was erroneous or faulty in any way.

At the time Mr. Robledo-Valdez filed his notice of appeal in this case, he was still incarcerated. He has since been released. The district court stated in its dismissal order that any appeal filed in this case would be frivolous and it denied leave to proceed without prepayment of the filing fees (*in forma pauperis*, henceforth *"ifp"*). Mr. Robledo-Valdez had filed a motion in Appeal No. 14-1067 asking for leave to proceed on appeal *ifp* under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. He has filed a motion asking this court to use that same motion in this appeal and in a companion appeal, No. 14-1201. With the understanding that he would be assessed two additional filing fees, the Clerk's office granted the motion and refiled the § 1915 motion from Appeal No. 14-1067 in this case (14-1200) and its companion, 14-1201. See Order (June 4, 2014).

We conclude that this appeal is frivolous. Consequently, we deny Mr. Robledo-Valdez's request to proceed on appeal *ifp*. Furthermore, because he was incarcerated when he filed his notice of appeal, the PLRA applied at that point. Brown v. Eppler, 725 F.3d 1221 (10th Cir. 2013); see also Jones v. Kansas, 572 Fed. Appx. 648, 649 (10th Cir. 2014) (unpublished) ("Although [defendant] is no longer in prison, he was when he initiated this appeal and so the provisions of the [PLRA] apply."). He "should have paid an initial partial appellate filing fee

calculated according to the formula set forth in 28 U.S.C. § 1915(b)(1)." Brown, 725 F.3d at 1231. "While he was incarcerated, he should have also paid additional amounts calculated pursuant to § 1915(b)(2) on the basis of his monthly income from the time he filed his notice of appeal to the time of his release from incarceration." Id. Because we conclude this appeal is frivolous, however, Mr. Robledo-Valdez is obligated to pay the filing fee in full at this time.

For the foregoing reasons, we AFFIRM the dismissal of this case.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge