**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 20, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CRAIG ROBLEDO-VALDEZ,

        Plaintiff - Appellant,

v.

DICK SMELSER; RAY ROMERO;
ALBERT MARTINEZ; TIANA
LUCERO; ELIJAH RIDGEWELL;
JUDY BREZINDINE; OFFICER
RAMOS; OFFICER SANTISTEVAN;
RACHEL INFANTE; COUNSELOR
GONZALES; SERGEANT
MONREAL; SERGEANT ACKER;
SHANE KOLANDER; SERGEANT
PELSTER; TONY CAROCHI;
DANIEL CHAVEZ; C. REYES; D.
CORTESE; 2 UNNAMED PPMU
OFFICERS; and RANDY
MARTINEZ,

        Defendants - Appellees.

No. 14-1201
(D.C. No. 1:12-CV-01833-WYD-KLM)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff and Appellant, Craig Robledo-Valdez, proceeding *pro se*, appeals the dismissal without prejudice of his 42 U.S.C. § 1983 complaint, which alleged some thirteen claims against twenty defendants. These claims related to a variety of events that occurred during his state criminal trial and his subsequent incarceration with the Colorado Department of Corrections, including events surrounding disciplinary action taken against Mr. Robledo-Valdez. For the following reasons, we affirm the dismissal of this case.

Mr. Robledo-Valdez filed his complaint, subsequently amended, on July 12, 2012. The matter was referred to a magistrate judge. On July 13, 2012, the magistrate judge entered an Order granting leave to Mr. Robledo-Valdez to proceed *in forma pauperis* ("*ifp*") pursuant to 28 U.S.C. § 1915, which stated that "[P]laintiff is able to pay an initial partial filing fee of $16.00" and ordered Mr. Robledo-Valdez "to pay the full amount of the required $350.00 filing fee pursuant to § 1915 regardless of the outcome of this action." Order at 1; R. Vol. 1 at 31. The Order further required Mr. Robledo-Valdez to "make monthly payments of twenty percent (20%) of the preceding month's income credited to his trust fund account or show cause each month as directed above why he has no

assets and no means by which to make monthly payment." Id. at 2; R. Vol. 1 at 32. Finally, the Order explicitly stated that "if . . . the plaintiff fails to have the designated initial partial filing fee or monthly payments sent to the clerk of the court or to show cause as directed above . . . , the Prisoner Complaint will be dismissed without further notice." Id. at 2-3; R. Vol. 1 at 32-33.

On October 3, 2012, the magistrate judge entered an Order to Show Cause regarding Mr. Robledo-Valdez's failure to make his partial filing fee payments as required by the Order granting him *ifp* status. As stated in the Order to Show Cause:

> Pursuant to § 1915(b)(1), Mr. Robledo-Valdez was directed to pay the entire $350.00 filing fee and he was ordered to pay an initial partial filing fee of $16.00. Pursuant to § 1915(b)(2), Mr. Robledo-Valdez was ordered to make monthly installment payments until the $350.00 filing fee was paid in full. Mr. Robledo-Valdez was instructed either to make the required monthly payments or to show cause each month why he has no assets and no means by which to make a monthly payment. In order to show cause, Mr. Robledo-Valdez was directed to file a current certified copy of his inmate trust fund account statement. Mr. Robledo-Valdez was warned that a failure to comply with the requirements of § 1915(b)(2) could result in the dismissal of this action without further notice.

Order to Show Cause at 1-2; R. Vol. 1 at 108-09. On October 31, 2012, the Order to Show Case was discharged after the court received a $50.00 partial payment from Mr. Robledo-Valdez, a letter from him explaining why he had not made the monthly filing fee payments as required, and a certified copy of his inmate trust

account statement.[1]  Ultimately, a total of $159.00 was paid on Mr. Robledo-Valdez's behalf.  As the magistrate judge noted, however, Mr. Robledo-Valdez failed to complete his payment obligations; he has not submitted any partial filing fee payment since February 22, 2013.  A review of the docket indicates that, since February 22, 2013, Mr. Robledo-Valdez has also not submitted any evidence to the court regarding his inability to make partial filing fee payments.

On February 20, 2013, the Defendants filed a Joint Opposed Motion to Dismiss or, in the Alternative, Motion for Order to Show Cause, seeking either dismissal of the case or an order to show cause based on Mr. Robledo-Valdez's failure to pay his partial filing fees.  On March 4, Mr. Robledo-Valdez filed a response.

On May 31, 2013, Mr. Robledo-Valdez filed a Notice of Change of Address, informing the court of his new address in San Antonio, Texas.  On June 17, 2013, the Clerk of the district court received a letter from Mr. Robledo-Valdez asking for copies of documents and stating that his "mother pays $25 a month toward this case."  Letter to Clerk dated June 17, 2013.

In response to the Defendants' Motion to Dismiss, the magistrate judge entered Orders granting, in part, the Motion to Dismiss, and ordering Mr. Robledo-Valdez to show cause why the action should not be dismissed pursuant

---

[1]Mr. Robledo-Valdez's letter explained that he thought that 20% of his monthly prison account income would be sent to the court and that he had asked his mother to make payments on his behalf.

to Fed. R. Civ. P. 41(b) for failure to comply with the court's orders and applicable rules. One Order to Show Cause concerned dismissal of the action against various defendants who remained unserved, and the other related to Mr. Robledo-Valdez's failure to make requisite fee payments. See Order dated June 21, 2013 ("Service OSC") and Order July 1, 2013 ("Fees OSC"). Mr. Robledo-Valdez was given until July 19, 2013, to respond.

The magistrate judge discussed each of the Orders, noting that, with respect to the Service OSC, Mr. Robledo-Valdez had not responded. The court then stated that it "may extend the time for a plaintiff to serve a defendant even without a showing of good cause, . . . [but] the Court is not inclined to do so here." Order & Recommendation at 8; R. Vol. 1 at 258. As it further noted, "[t]he case against the Unserved Defendants has been pending since July 2012. Plaintiff failed to effect service of the Unserved Defendants within one hundred and twenty days of their inclusion in this case, failed to provide sufficient contact information for the Court to do so, and failed to provide good cause for the Court to find that an opportunity exists to cure the service deficiency in the future." Id. at 8-9; R. Vol. 1 at 258-59. Furthermore, Mr. Robledo-Valdez "was warned in advance that the penalty for failing to serve or for failing to provide good cause for the service delay would be dismissal of the Unserved Defendant[s]." Id. at 9; R. Vol. 1 at 259.

With regard to the Fees OSC, the court considered the various factors it must consider before dismissing a case as a sanction for failing to make fee payments as directed by court orders. The magistrate judge recommended dismissal of the case. The district court then reviewed the magistrate judge's recommendation, as well as Mr. Robledo-Valdez's objections, and concluded to dismiss the case without prejudice, pursuant to Fed. R. Civ. P. 41(b):

> I acknowledge the difficulties that a prisoner faces while incarcerated in pursuing a lawsuit. Nonetheless, this does not provide a basis to disregard or fail to comply with Court's Orders, the Federal Rules of Civil Procedure and the Local Rules of this Court, and the requirements of suit, including filing fees. Magistrate Judge Mix provides detailed bases in law and in fact for her ruling and recommendation to dismiss the case as a sanction. While Plaintiff makes excuses and attempts to shift the blame to the Defendants, the fact remains that he has set forth no basis as to why the Order and Recommendation are wrongly decided or should be overruled. The proper factors were considered under Ehrenhaus v. Reynolds, 965 F.2d 916, 918 (10th Cir. 1992), and I agree with Magistrate Judge Mix that dismissal is appropriate under Fed. R. Civ. P. 41(b) based on Plaintiff's failure to comply with Court Orders and obligations under law.

Order at 5; R. Vol. 1 at 288. The district court accordingly dismissed the case without prejudice. Mr. Robledo-Valdez filed a motion for reconsideration, which the court also denied. This appeal followed.

We review the dismissal of an action under Rule 41(b) for an abuse of discretion. Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1161 (10th Cir. 2007); Cosby v. Meadors, 351 F.3d 1324, 1326 (10th Cir. 2003); Olsen v. Mapes, 333 F.3d 1199, 1204 (10th Cir. 2003). Under the abuse of discretion

-6-

standard, we will not reverse the lower court's decision unless we conclude the court made "a clear error of judgment or exceed[ed] the bounds of permissible choice in the circumstances." Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co., 497 F.3d 1135, 1143 (10th Cir. 2007).

As the above recitation makes clear, the district court did not abuse its discretion in dismissing Mr. Robledo-Valdez's case. Mr. Robledo-Valdez repeatedly failed to comply with court orders, despite many opportunities to do so. But before imposing dismissal as a sanction, the district court considered whether certain factors supported dismissal. Those factors, as set forth in Ehrenhaus, included (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Ehrenhaus, 965 F.2d at 918; see also Mobley v. McCormick, 40 F.3d 337, 341 (10th Cir. 1994). We note that, when the dismissal is without prejudice, as in this case, consideration of the Ehrenhaus factors is not required. AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., 552 F.3d 1233, 1236 (10th Cir. 2009); Nasious, 492 F.3d at 1162 ("[A] district court may, without abusing its discretion, enter [a Rule 41(b) dismissal without prejudice] . . . without attention to any particular procedures."). The court nonetheless considered those factors.

Mr. Robledo-Valdez argues in his appellate brief that the court erred in dismissing his case, but he utterly fails to convince us that the court abused its discretion in doing so. He provides no persuasive explanation, other than continually placing the blame on others, for his repeated failure to follow the court's orders. For those reasons, we conclude that this appeal is frivolous.

At the time Mr. Robledo-Valdez filed his notice of appeal in this case, he was still incarcerated. He has since been released. Mr. Robledo-Valdez had filed a motion in Appeal No. 14-1067 (a related appeal) asking for leave to proceed on appeal *in forma pauperis* ("*ifp*") under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. He has filed a motion asking this court to use that same motion in this appeal and in a companion appeal, No. 14-1200. With the understanding that he would be assessed two additional filing fees, the Clerk's office granted the motion and refiled the § 1915 motion from Appeal No. 14-1067 in this case (14-1201) and its companion, 14-1200. See Order (June 4, 2014).

As stated, we conclude that this appeal is frivolous. Consequently, we deny Mr. Robledo-Valdez's request to proceed on appeal *ifp*. Furthermore, because he was incarcerated when he filed his notice of appeal, the PLRA applied at that point. Brown v. Eppler, 725 F.3d 1221 (10th Cir. 2013); see also Jones v. Kansas, 572 Fed. Appx. 648, 649 (10th Cir. 2014) (unpublished) ("Although [defendant] is no longer in prison, he was when he initiated this appeal and so the provisions of the [PLRA] apply."). He "should have paid an initial partial

appellate filing fee calculated according to the formula set forth in 28 U.S.C. § 1915(b)(1)." Brown, 725 F.3d at 1231. "While he was incarcerated, he should have also paid additional amounts calculated pursuant to § 1915(b)(2) on the basis of his monthly income from the time he filed his notice of appeal to the time of his release from incarceration." Id. Because we conclude this appeal is frivolous, however, Mr. Robledo-Valdez is obligated to pay the filing fee in full at this time.

For the foregoing reasons, we AFFIRM the dismissal of this case.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge